

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
October 08, 2024

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PIGEONLY INC.<br>dba FOTOPIGEON,<br><br>Debtor. | Case No.: 24-10355-nmc<br>Chapter:  11<br><br>Confirmation Hearing:<br>Date:  September 11, 2024<br>Time:  9:30 a.m. |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE ORDER CONFIRMING PIGEONLY, INC.'S CHAPTER 11 PLAN OF REORGANIZATION, DATED APRIL 25, 2024**

Pigeonly, Inc., debtor and debtor-in-possession ("Debtor"), filed *Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [ECF No. 71] (the "Plan")[1] and its Plan Supplement on August 6, 2024 [ECF No. 95].

The Debtor's accompanying *Motion for Order to Fix Deadlines and Procedures in Subchapter V Case for Debtor's Proposed Chapter 11 Plan of Reorganization* [ECF No. 72] was

---
[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Plan.

approved by entry of an order of this Court on June 26, 2024 (the "<u>Procedures Order</u>") [ECF No. 87].

On September 4, 2024, Debtor and U.S. Eagle Federal Credit Union entered into the *Stipulation Between Debtor and U.S. Eagle Federal Credit Union Regarding Treatment Under Chapter 11 Plan of Reorganization* [ECF No 105] (the "<u>U.S. Eagle Stipulation</u>"), which was approved by entry of an Order of the Court on September 5, 2024 [ECF No. 109] (the "<u>U.S. Eagle Order</u>").  The U.S. Eagle Stipulation and U.S. Eagle Order amended the Plan's treatment of the Class 2 U.S. Eagle Federal Credit Union Claim.  The Plan, as supplemented by the Plan Supplement and amended by the U.S. Eagle Stipulation and the U.S. Eagle Order, is referred to herein as the "<u>Final Plan</u>."

The Court held a confirmation hearing on the Final Plan on September 11, 2024 (the "<u>Confirmation Hearing</u>").  All appearances at the Confirmation Hearing are duly noted on the record at the Confirmation Hearing.  After due deliberation and sufficient cause appearing in accordance with Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 9014 and 7052, the Court orally stated its findings of fact and conclusions of law on the record and reported them in open court at the Confirmation Hearing and such findings of fact and conclusions of law are incorporated herein by this reference.

**IT IS HEREBY FURTHER FOUND AND DETERMINED** by this Court (together with the findings of fact and conclusions of law made on the record at the Confirmation Hearing, the "<u>Findings and Conclusions</u>") that:

1. This Court relies upon and takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the docket in the Chapter 11 Case including, without limitation, all filed pleadings and declarations, expressly including the *Declaration of Frederick Hutson in Support of Debtor's Brief in Support of Confirmation of Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [ECF No. 108], all entered orders, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case, including at the Confirmation Hearing.

. . .

2. The testimony and evidence introduced and admitted into evidence by Debtor at the Confirmation Hearing were unrebutted, including without limitation the liquidation analysis and net disposable income projections prepared by Debtor.

3. The Court further relies upon and incorporates herein the analysis set forth in the *Debtor's Brief in Support of Confirmation of Pigeonly, Inc.'s Chapter 11 Plan of Reorganization, Dated April 25, 2024* [ECF No. 107].

4. On January 26, 2024 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Case. Debtor elected to be treated under Subchapter V.

5. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Final Plan is a core proceeding in which the Court may enter a final order in accordance with 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In accordance with Section 1126(b) of the Bankruptcy Code, the Court finds and concludes that the solicitation of votes to accept or reject the Final Plan complied with all applicable laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and that such solicitation was conducted after disclosure of adequate information in accordance with Section 1190 of the Bankruptcy Code.

7. The Final Plan complies with Section 1129(a)(1) of the Bankruptcy Code, including the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

8. The Debtor, as the proponent of the Final Plan, has complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada, and the orders of this Court with respect to the Final Plan.

9. Good, sufficient, and timely notice of the Confirmation Hearing has been given to holders of Claims and Equity Interests and to other parties-in-interest to whom notice is required to be given in accordance with the Final Plan. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and all other

rules, laws, and regulations. Ballots of holders of Claims and Equity Interests entitled to vote on the Final Plan were properly solicited and tabulated in accordance with the Procedures Order. Holders of at least two-thirds (2/3) in amount and a majority in number of the Claims and Interests actually voting in Classes 1, 2, 6, 8, 9, and 11 have accepted the Final Plan and no Class 3, 4, or 7 ballots were received. Holders of unclassified Claims are deemed to have accepted the Final Plan and therefore, were not entitled to vote to accept or reject the Final Plan. As such, Debtor has complied with Section 1129(a)(2) of the Bankruptcy Code, including, but not limited to the requirements set forth in Sections 1125 and 1126 of the Bankruptcy Code.

10. The Final Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the formulation of the Final Plan and the record of the Chapter 11 Case. The Final Plan provides the greatest opportunity to maximize the value of the Debtor's estate, and Debtor has exercised sound and reasonable business judgment through the Final Plan. As such, the Final Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code.

11. The Final Plan complies with the requirements of Section 1129(a)(4) of the Bankruptcy Code in that it provides that all payments made or to be made by Debtor or Reorganized Debtor for services or for costs and expenses in or connected with the Debtor's Chapter 11 Case have been approved by or are subject to approval of the Court as reasonably required.

12. The Final Plan complies with the requirements of Section 1129(a)(5) in that the Final Plan has disclosed the identity and affiliations of the individuals proposed to serve after confirmation of the Final Plan as Reorganized Debtor's officers and directors under the Final Plan and such appointment is consistent with the interests of Creditors and Equity Interest Holders and with public policy.

13. Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Case because the Final Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation.

14. The Final Plan complies with Section 1129(a)(7) of the Bankruptcy Code. As established by Debtor's liquidation analysis, the value all classes of Claim and Equity Interests will receive or retain under the Final Plan is not less than the amount that such holders would receive or retain if Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

15. Classes 1, 2, 6, 8, 9, and 11 all voted to accept the Final Plan. There are no Class 5 Claims. The holders of Claims in Classes 3, 4, and 7 did not cast ballots and Class 10 is deemed to reject the Final Plan. Accordingly, the requirements of Section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of Section 1191(b) of the Bankruptcy Code. As more fully set forth hereinafter, the Final Plan satisfies Section 1191(b) of the Bankruptcy Code.

16. The Final Plan's treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and other unclassified priority Claims as set forth in Section 507(a) of the Bankruptcy Code satisfies the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code because, except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Final Plan provides that: (i) each holder of an Allowed Administrative Claim shall be paid in full, in Cash within fourteen (14) days of the Claim being allowed; and (ii) Allowed Priority Tax Claims will be paid in full with interest within sixty (60) months. Therefore, the Final Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

17. The Final Plan complies with Section 1129(a)(10) of the Bankruptcy Code in that Classes 1, 2, 6, 8, 9, and 11 all voted to accept the Final Plan without including acceptance by any insider (as defined by Section 101(31) of the Bankruptcy Code).

18. The Final Plan complies with Section 1129(a)(11) of the Bankruptcy Code in that confirmation is not likely be followed by liquidation or the need for further financial reorganization of Debtor or Reorganized Debtor, except as proposed in the Final Plan. Therefore, the Final Plan satisfies the feasibility test set forth in Section 1129(a)(11) of the Bankruptcy Code.

. . .

19. The Final Plan complies with the requirements set forth in Section 1129(a)(12) of the Bankruptcy Code in that Debtor has elected to proceed under Subchapter V of the Bankruptcy Code and accordingly fees due under 28 U.S.C. § 1930 are inapplicable. *See* 28 U.S.C. § 1930(a)(6)(A).

20. Section 1129(a)(13) of the Bankruptcy Code is inapplicable as there are no retiree benefits, as the term is defined in Section 1114, affected under the Final Plan.

21. Debtor is not required or obligated on any domestic support obligation and thus Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

22. Debtor is not an individual and thus Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

23. Debtor is a moneyed, business, or commercial entity and thus Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

24. The requirements of Section 1191(b) of the Bankruptcy Code are satisfied as all of the applicable requirements of Section 1129(a) of the Bankruptcy Code, other than subsection (a)(8), are met with respect to the Final Plan. The Final Plan does not discriminate unfairly and is fair and equitable with respect to the classes of Claims and Equity Interests that are impaired under the Final Plan and did not vote to accept the Final Plan. As evidenced by the net disposable income projections and for the reasons discussed on the record at the Confirmation Hearing and in Debtor's confirmation brief, the Final Plan satisfies the requirements of Section 1191(b).

25. All documents necessary to implement the Final Plan are, upon execution on or after the Effective Date, valid, binding, and enforceable documents not in conflict with any federal or state laws.

26. The principal purpose of the Final Plan is not the avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933. No governmental unit has requested that the Court deny confirmation on such basis. Therefore, the Final Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

27. The Debtor and its attorneys have acted in good faith with respect to the solicitation of votes to accept or reject the Final Plan and the Debtor and his attorneys are entitled to the

protection under Section 1125(e).

28. The discharge, releases, and injunctions contained within the Final Plan, including Article 9 and Sections 10.11 and 10.12, comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

29. The Court's retention of jurisdiction as set forth in Section 8.08 of the Final Plan comports with the parameters contained in 28 U.S.C. § 157.

30. Notice of all proceedings regarding or relating to confirmation of the Final Plan, including without limitation the Confirmation Hearing, was adequate under the circumstances and complied with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

31. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

32. The Final Plan is confirmed as having satisfied all the applicable requirements of Chapter 11 of the Bankruptcy Code, including Sections 1129 and 1191 of the Bankruptcy Code.

33. Except as otherwise provided in Section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Final Plan shall bind any holder of a Claim against, or Equity Interest in, Debtor and its successors and assigns, or in the assets of Debtor, its successor and assigns, regardless of whether the Claim or Equity Interest of such holder is impaired under the Final Plan and whether such holder has accepted the Final Plan.

34. The U.S. Eagle Stipulation and U.S. Eagle Order are affirmed and confirmed as part of the Final Plan and the terms of the U.S. Eagle Stipulation and U.S. Eagle Order are incorporated as though fully set forth herein.

35. The Class 4 Balboa Capital Corporation Claim shall solely be paid in accordance with the terms of the Final Plan and Balboa Capital Corporation is enjoined from taking any action to collect on its Claim other than as expressly set forth in the Final Plan.

36. Pursuant to Sections 105(a), 1123(b)(3), 1129, and 1141 of the Bankruptcy Code and Bankruptcy Rules 3016 and 9019, the settlements, compromises, discharges, releases, and injunctions set forth in the Final Plan are approved as an integral part of the Final Plan, are fair,

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

equitable, reasonable, and in the best interest of Debtor, its estate, and the holders of Claims and Equity Interests.

37. Pursuant to Section 1146(a), any transaction arising out of, contemplated by or in any way related to the Final Plan, whether occurring on or after the Effective Date, shall not be subject to any document recording tax, stamp tax or stamp act, conveyance, filing or transfer fee, intangible or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessments, and the appropriate state and local government officials and agents shall be, and hereby are, directed to forego the collection of any such tax or governmental assessment and to accept for any necessary filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

38. Subject to the terms of the Final Plan, the Debtor, Reorganized Debtor, and all other necessary parties are duly and validly authorized and empowered without further order of the Court to issue, execute, deliver, file, or record all documents necessary to implement the Final Plan, and to take any action reasonably necessary or appropriate to implement the Final Plan, in accordance with its terms.

39. All documents necessary to implement the Final Plan upon execution on or after the Effective Date will constitute valid, binding, and enforceable agreements not in conflict with any federal or state laws.

40. The Debtor and its professionals and advisors have acted in good faith with respect to the solicitation of votes to accept or reject Final Plan, and Debtor and his professionals, and advisors are entitled to the protection under Section 1125(e) of the Bankruptcy Code.

41. The Court's retention of jurisdiction as set forth in Section 8.08 of the Final Plan comports with the parameters contained in 28 U.S.C. § 157.

42. Notice of all proceedings regarding or relating to confirmation of the Final Plan, including without limitation, the Confirmation Hearing, was adequate under the circumstances and complied with applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

. . .

43. The failure specifically to include or reference any particular provision of the Final Plan in these Findings and Conclusions shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Final Plan be confirmed in its entirety.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED BY:

GARMAN TURNER GORDON LLP


By: /s/ Talitha Gray Kozlowski
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Debtor*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated in the order.

*Blakeley E. Griffith, Esq.*　　　　　　　　　APPROVED
*U.S. Eagle Federal Credit Union*

*Nathan Smith, Esq,*　　　　　　　　　　　　APPROVED
*Subchapter V Trustee*

*Jarred A. Day, Esq.*　　　　　　　　　　　　APPROVED
*Office of the United States Trustee*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###