# Exhibit 2

**Complaint Filed 9/6/2024**

Electronically Filed
9/6/2024 11:53 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Michael B. Wixom, Esq.
Nevada Bar No. 2812
Karl L. Nielson, Esq.
Nevada Bar No. 5082
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:   (702) 252-5002
Fax:   (702) 252-5006
Email: mbw@slwlaw.com
       kln@slwlaw.com
Attorneys for Plaintiff
Itria Ventures LLC, a Delaware
limited liability company

CASE NO: A-24-901292-C
Department 14

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ITRIA VENTURES LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK JAMEL HUTSON, an individual; ALFONZO BROOKS, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: <br> DEPT NO.: <br><br><br> **COMPLAINT** |

**NOTICE:  WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

Plaintiff Itria Ventures LLC, a Delaware limited liability company ("Plaintiff"), by and through its counsel of record, hereby complains and alleges of Defendants as follows:

### PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant Frederick Jamel Hutson ("Hutson")

1

1 was, at all relevant times hereto, a resident of Clark County, Nevada.

3. Upon information and belief, Defendant Alfonzo Brooks ("Brooks") was, at all relevant times hereto, a resident of Clark County, Nevada.

4. Plaintiff is informed and believes, and therefore alleges, that the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 10, inclusive, and Roe Corporations 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names ("the Doe Defendants"). Plaintiff will ask leave to amend this Complaint to insert the Doe Defendants' true names and capacities when they have been ascertained and to join such Doe Defendants in this action.

## GENERAL ALLEGATIONS

5. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of its Complaint as though fully set forth herein.

### The Future Receivables Sale Agreement

1. On or about April 28, 2022, Pigeonly, Inc., ("Pigeonly") a Delaware Corporation, and Plaintiff entered into that certain Receivables Sale Agreement (the "Agreement"), pursuant to which Plaintiff purchased Pigeonly's accounts receivable in the amount of $93,500.00.

2. Pursuant to the Agreement, Pigeonly received payment from Plaintiff in the amount of $73,000.00 (the "Funded Amount").

3. Pursuant to the Agreement, Pigeonly agreed to remit periodic payments, consisting of $1,953.13 plus 1.29% of it's receivables, to Plaintiff every week, subject to reconciliation against actual purchase percentage of receivables, until paid in full.

4. Pigeonly has failed to remit the payments owed to Plaintiff under the Agreement, and there is now due and owing to Plaintiff under the Agreement an amount in excess of $15,000.00.

5. Plaintiff has demanded that Pigeonly pay the amounts due and owing under the Agreement, but Pigeonly has refused, neglected, or otherwise failed to pay the amounts owed.

### The Guaranty of Performance

6. On or about April 28, 2022, Defendant Hutson executed that certain Guaranty of Performance (the "Guaranty"), pursuant to which Hutson guaranteed Pigeonly's full, complete, and timely performance of all of Pigeonly's obligations under the Agreement.

7. On or about April 28, 2022, Defendant Brooks executed that certain Guaranty of Performance (the "Guaranty"), pursuant to which Brooks guaranteed Pigeonly's full, complete, and timely performance of all of Pigeonly's obligations under the Agreement.

8. Plaintiff has demanded that Hutson pay the amounts due and owing under the Guaranties, but Hutson has refused, neglected, or otherwise failed to do so

9. Plaintiff has demanded that Brooks pay the amounts due and owing under the Guaranties, but Brooks has refused, neglected, or otherwise failed to do so.

### FIRST CLAIM FOR RELIEF
(Breach Of Contract Against Defendants)

10. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of its Complaint as though fully set forth herein.

11. The Guaranty entered into by Plaintiff and Defendant Hutson is a valid and binding contract.

12. The Guaranty entered into by Plaintiff and Defendant Brooks is a valid and binding contract.

13. Plaintiff has performed its obligations under the Guaranty.

14. Hutson has breached the Guaranty by, amongst other things, failing to make the periodic payments required under the Guaranty.

15. Brooks has breached the Guaranty by, amongst other things, failing to make the periodic payments required under the Guaranty.

16. As a result of Defendant Hutson's breach of the Guaranty, Plaintiff has been damaged in an amount in excess of $15,000.

17. As a result of Defendant Brooks' breach of the Guaranty, Plaintiff has been damaged in an amount in excess of $15,000.

18. As a proximate result of Defendants Hutson and Brooks' breach of the Guaranty, Plaintiff has been required to retain the services of attorneys to prosecute this action, and has been further damaged thereby, and is therefore entitled to recover its reasonable attorneys' fees and costs of suit incurred herein.

**SECOND CLAIM FOR RELIEF**
(Breach Of the Implied Covenant Of
Good Faith and Fair Dealing)

19. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of its Complaint as though fully set forth herein.

20. The Agreement, and the Guaranty are each subject to the implied covenant of good faith and fair dealing requiring that Defendants act in a manner faithful to the purposes and obligations of the Agreement, and the Guaranty, respectively.

21. Plaintiff had a reasonable and valid expectation pursuant to the Agreement, and the Guaranty that Defendants would do all things reasonably necessary in order to facilitate performance of their respective obligations under the Agreement, and the Guaranty.

4

22. Defendants have engaged in conduct that contravenes the purposes and objectives of the Agreement, and the Guaranty, respectively, and as a direct and proximate result, have caused damage to Plaintiff in an amount in excess of $15,000.

23. As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been required to retain the services of attorneys to prosecute this action, and has been further damaged thereby, and is therefore entitled to recover its reasonable attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

24. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of its Complaint as though fully set forth herein.

25. The Defendants have unjustly retained Plaintiff's Funded Amount, and/or the benefits derived therefrom, without repayment of the same, against the principles of justice, equity, and good conscience.

26. As a result of Defendants' unjust enrichment, Plaintiff has been damaged in an amount in excess of $15,000.

27. As a proximate result of Defendants' unjust enrichment, Plaintiff has been required to retain the services of attorneys to prosecute this action, and has been further damaged thereby, and is therefore entitled to recover its reasonable attorneys' fees and costs of suit incurred herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Plaintiff be awarded damages in an amount in excess of $15,000 against Defendants, jointly and severally;

2. That Plaintiff be awarded its attorneys' fees and costs incurred in the prosecution

of this action, and interest on any award and judgment herein; and

3. For such other and further relief as this Court deems just and proper.

Dated this ___ day of September 2024.

SMITH LARSEN & WIXOM

/s/ *Karl L. Nielson*
Michael B. Wixom, Esq.
Nevada Bar No. 2812
Karl L. Nielson, Esq.
Nevada Bar No. 5082
1935 Village Center Circle
Las Vegas, NV 89134
Attorneys for Plaintiff
Itria Ventures LLC, a Delaware
limited liability company